**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALMAS BAYAZITOV, | Case No.:  26-cv-1642-BJC-BLM |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| CHRISTOPHER LAROSE, et. al., | |
| Respondents. | |

Petitioner Almas Bayazitov is a citizen of Kazakhstan who entered the United States on June 9, 2022.  ECF No. 4 at 2.  Petitioner received humanitarian parole and timely filed for relief with USCIS. *Id.* On August 22, 2025, he appeared as ordered at USCIS offices for a credible fear interview. *Id*. at 2. He was found to have a credible fear. *Id*. ICE took him into custody without giving him any paperwork, any explanation of why he was being detained, or any chance to contest detention. *Id.* at 2. Petitioner has been detained at the Otay Mesa Detention Center since that time. *Id*.

On March 16, 2026, Petitioner, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  The Court set a briefing schedule and appointed counsel on March 18, 2026.  ECF No. 2.  Petitioner, through counsel, filed

an amended petition on March 20, 2026.  ECF No. 4.  On March 25, 2026, Respondents filed a return and shortly thereafter, Petitioner filed a traverse.  ECF Nos. 7, 8.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner contends his detention violates the Administrative Procedures Act ("APA") and the Due Process Clause of the Fifth Amendment.  ECF No. 4 at 3-7. Respondents do not address Petitioner's arguments.  Instead, Respondents contend Petitioner is subject to detention under 8 U.S.C. § 1225, but they acknowledge courts in this district have reached the opposition conclusion.  ECF No. 7.  As a result, Respondents do "not oppose the petition and request[] that the Court order a bond hearing pursuant to 8 U.S.C. § 1226(a)."  *Id.* at 3

Under applicable regulations, parole is "terminated upon written notice to the [noncitizen]." 8 C.F.R. § 212.5(e)(2).  Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained.  The Court finds Petitioner's revocation of his release and detention violates the APA and due process rights.

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner subject to the conditions of his

26-cv-1642-BJC-BLM

preexisting parole.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: April 23, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-1642-BJC-BLM